The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, an individual; MOYRA COOP, an individual; and WILLIAM GROVES, an individual, on behalf of themselves and as representatives of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>TEN BRIDGES LLC, an Oregon Limited Liability Company; DEMIAN HEALD, an individual; and the marital community comprised of DEMIAN HEALD and DOE HEALD,<br><br>Defendants. | NO.   2:21-0526-JCC<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF<br><br>JURY TRIAL DEMANDED (Dkt. No. 7) |

Plaintiffs MARY TAIE, MOYRA COOP and WILLIAM GROVES (collectively "Plaintiffs"), individually and as representatives for a class of similarly situated persons (the "Class"), bring this action against TEN BRIDGES, LLC ("Ten Bridges"), DEMIAN HEALD, and the marital community comprised of DEMIAN HEALD and DOE HEALD (the "Heald marital community"), for violations of the Washington Consumer Protection Act ("WCPA") and common law, actual damages, statutory penalties, and declaratory and injunctive relief, as alleged herein.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 1
(Case No. 2:21-0526-JCC)



Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

# I. INTRODUCTION

1.1. Ten Bridges is a predatory business engaged in a widespread and unlawful scheme that strips the equity from persons whose real property is judicially foreclosed pursuant to the provisions of RCW Chapters 61.12 and 6.21. Ten Bridges locates foreclosure sale surplus proceeds on deposit with the Clerks' registries in Washington State Superior Courts and solicits and obtains assignments of the right to obtain such surplus proceeds from the persons who are entitled to receive them. Ten Bridges pays these persons a harshly small percentage of the value of the surplus proceeds for the assignments, then obtains the entirety of the surplus proceeds on deposit with the Clerks, reaping significant windfalls and unfair profits.

1.2. The Washington State Legislature recognized that judicial mortgage foreclosures exposed victims of foreclosure to further victimization by unscrupulous individuals and companies like Ten Bridges, that charge consumers unconscionable fees for identifying and obtaining surplus proceeds from judicial foreclosure sales that should be paid to the former property owners. To protect consumers from such victimization, the Legislature enacted RCW 63.29.350, a consumer protection law that limits the fees that can be charged by equity-skimming businesses like Ten Bridges and which provides remedies under the WCPA.

1.3. Plaintiffs bring this action for actual damages, statutory penalties, and declaratory and injunctive relief on behalf of themselves and as representatives for a class of similarly situated persons who entered into contracts with Ten Bridges for the assignment of the right to obtain surplus proceeds that they and the Class had the right to receive, and that violate and violated RCW 63.29.350 and the WCPA, and which were and are illegal and invalid.

## II. VENUE, JURISDICTION AND PARTIES

2.1. Plaintiff Mary Taie is a resident of Snohomish County, Washington, and with

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 2
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Plaintiffs Coop and Groves, formerly held an ownership interest in real property located in King County, Washington, and owned the right to receive surplus proceeds from the judicial foreclosure sale of that property.

2.2. Plaintiff Moyra Coop is a resident of Kitsap County, Washington, and with Plaintiffs Taie and Groves, formerly held an ownership interest in real property located in King County, Washington, and owned the right to receive surplus proceeds from the judicial foreclosure sale of that property.

2.3. Plaintiff William Groves is a resident of Snohomish County, Washington, and with Plaintiffs Taie and Coop, formerly held an ownership interest in real property located in King County, Washington, and owned the right to receive surplus proceeds from the judicial foreclosure sale of that property.

2.4. Defendant Ten Bridges is an Oregon limited liability company doing business with continuous and systematic contacts in King County, Washington, and is registered as a Foreign Limited Liability Company with the Washington Secretary of State. Some or all of acts alleged herein took place and were committed in King County, Washington.

2.5. Defendant Demian Heald is an individual and sole member and Manager of Ten Bridges. Defendant Demian Heald is married to Doe Heald, and Demian Heald and Doe Heald comprise a marital community. All acts of Ten Bridges alleged herein were performed by Demian Heald or by representatives of Ten Bridges under Demian Heald's direction. All acts of Demian Heald were taken on account of and for the benefit of Ten Bridges, himself, and the Heald marital community. Demian Heald did and does business in King County, Washington.

2.6. This court has jurisdiction over the parties and subject matter of this lawsuit.

2.7. Venue and personal jurisdiction are proper in this Court because Ten Bridges and

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 3
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Demian Heald conduct extensive business in King County, Washington; because the unfair, deceptive, and unconscionable acts of Ten Bridges and Demian Heald alleged herein were conducted and occurred in King County, Washington; and because the real property that was judicially foreclosed and the surplus proceeds that were assigned to Ten Bridges in violation of RCW 63.29.350 and the WCPA were located in King County, Washington. This action was originally filed in King County, Washington, Superior Court, but was removed to this Court by Defendants pursuant to 28 U.S.C. §§ 332(a), 1441, and 1446.

### III. FACTS

3.1. Plaintiffs are the children of Clifford Groves, who died intestate on February 23, 2010. At the time of Clifford Groves' death, he was the owner of real property in King County, Washington, located at 1639 N. 180th Street, Shoreline, Washington 98133 (the "Home").

3.2. Plaintiffs were the sole heirs of Clifford Groves' estate, and following his death, became the owners of the Home.

3.3. The Home was encumbered by a Deed of Trust that secured a loan, the beneficiary's interest for which was held by Bank of America, N.A. ("Bank of America"). In 2014, Bank of America commenced a judicial foreclosure action in King County Superior Court against, *inter alia,* the Estate of Clifford Groves and the Plaintiffs (the "lawsuit"). In the lawsuit, Bank of America sought to obtain a judgment *in rem* against the Home, and a Decree of Foreclosure directing the King County Sheriff to sell the Home at a foreclosure sale, with the proceeds of the sale to be applied to Bank of America's debt secured by the Deed of Trust.

3.4. A Judgment *in rem* and Decree of Foreclosure were entered in the lawsuit. The Decree of Foreclosure directed the King County Sheriff to sell the Home at a Sheriff's Sale, and to deliver the proceeds from the Sheriff's Sale to the King County Superior Court Clerk, to be

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 4
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

held in the Court Registry pending further orders.

3.5. On March 16, 2018, the King County Sheriff sold the Home at a Sheriff's Sale for the sum of $511,500, and delivered the Sale proceeds to the King County Superior Court Clerk to be held in the Court Registry, as provided by law. Following entry of an Order directing the Clerk of the Court to disburse to Bank of America that portion of the Sale proceeds that would pay in full the debt secured by the Deed of Trust on the Home, there remained $135,224.51 in proceeds on deposit with the Clerk of the Court in the Court Registry (the "surplus proceeds").

3.6. Under RCW 61.12.150, the Plaintiffs had the absolute right to receive the surplus proceeds.

3.7. To the Plaintiffs, the surplus proceeds represented the memory of Plaintiffs' deceased father.

3.8. Ten Bridges' sole member and Manager is Demian Heald.

3.9. Demian Heald works with a knowledgeable team of consultants in asset management and acquisitions to successfully produce healthy investment returns for Ten Bridges.

3.10. Demian Heald manages and directs between four and six persons at Ten Bridges who engage in the acquisition of rights in foreclosures.

3.11. Demian Heald represents that he is "hands-on in Ten Bridges' acquisitions."

3.12. Demian Heald has ultimate decision-making authority over what real properties and surplus proceeds rights Ten Bridges attempts to acquire, has ultimate decision-making authority over the amounts Ten Bridges pays to persons in order to acquire those persons' rights to obtain foreclosure sale surplus proceeds from court registries, and has ultimate decision-making authority over whether Ten Bridges enters into transactions with persons in order to

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 5
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

acquire those persons' rights to obtain foreclosure sale surplus proceeds from court registries.

3.13.   Demian Heald and his team at Ten Bridges, who are supervised and managed by Demian Heald, identified for acquisition the home formerly owned by Clifford Groves, determined the amount of surplus proceeds on deposit in the King County Superior Court Clerk's Registry resulting from the Sheriff's Sale of the home, and identified the Plaintiffs as owning the right to receive the surplus proceeds.

3.14.   Demian Heald and his team at Ten Bridges located the Plaintiffs. After the Sheriff's Sale occurred, Demian Heald's team at Ten Bridges communicated with the Plaintiffs and offered to pay them for their interests in the Home and surplus proceeds. It was Demian Heald's decision how much to pay the Plaintiffs to obtain their interests in the Home and surplus proceeds, knowing that the result would net Ten Bridges over 88% of the total surplus proceeds. It was Demian Heald's decision to complete the transaction whereby Ten Bridges obtained Plaintiffs' interests in the Home and the right to receive the surplus proceeds.

3.15.   Ultimately, Plaintiffs agreed to assign to Ten Bridges, by execution of Quit Claim Deeds dated April 10, 2018, and recorded with the King County Recorder on April 11, 2018, any rights they had in the Home and to obtain the surplus proceeds, in exchange for the aggregate sum of $15,000—less than twelve percent (12%) of the surplus proceeds.

3.16.   Ten Bridges filed a motion in the lawsuit requesting entry of an order directing the Clerk of the King County Superior Court to disburse to it the surplus proceeds from the Sheriff's Sale of the Home.

3.17.   Demian Heald verified Ten Bridges' motion for disbursement of the surplus proceeds from the foreclosure sale of the Home, knowing that the result would net Ten Bridges over 88% of the total surplus proceeds.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 6
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

3.18.   Demian Heald has verified several motions requesting courts to enter orders directing court clerks to disburse surplus proceeds from sheriffs' sales in cases in Washington State Superior Courts knowing that the disbursal would net Ten Bridges far in excess of 5% of the surplus proceeds in those cases, including in, without limitation, *JP Morgan Chase Bank National Association v. Unknown Heirs of Benjamin Thomas, Jr.,* Snohomish County Superior Court Case No. 12-2-05988-6, and *Pinehurst Lane Condominium Association v. Guandai,* King County Superior Court Case No. 15-2-26658-6 SEA.

3.19.   On June 20, 2018, the King County Superior Court entered an order in the lawsuit directing the Clerk of the Superior Court to disburse to Ten Bridges the entirety of the surplus proceeds resulting from the Sheriff's Sale of the Home.

3.20.   By taking all the surplus proceeds from the Sheriff's Sale of the Home, Ten Bridges took from Plaintiffs the gift from their father and the tangible symbol of the love of him that they shared.

3.21.   Following the entry of the June 20, 2018 order the King County Superior Court disbursed to Ten Bridges the entirety of the surplus proceeds from the Sheriff's Sale of the Home. Thus, Ten Bridges received a fee or compensation for locating the surplus proceeds and identifying and locating the persons who were entitled to receive the surplus proceeds, of over 88% of the value of the surplus proceeds.

3.22.   RCW 63.29.350(1) limits the fee or compensation a person may seek to recover and/or recover from a person for locating or purporting to locate funds held by a county that are proceeds from a foreclosure of a lien to 5% of the value of such funds. Ten Bridges' agreement with the Plaintiffs to pay them $15,000 in exchange for the assignment of their right to receive the surplus proceeds violated RCW 63.29.350(1) and was therefore illegal, invalid, and

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 7
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

unenforceable. The assignments Ten Bridges obtained from Plaintiffs violated RCW 63.29.350(1) because Ten Bridges received a fee or compensation for locating the funds on deposit in the King County Superior Court Registry that belonged to the Plaintiffs of over 88% of the value of the surplus proceeds, far in excess of the 5% cap on such fees or compensation.

3.23.   On information and belief, in the four-year period immediately preceding the filing of this action, Ten Bridges has entered into well in excess of fifty agreements with persons in the State of Washington like the Plaintiffs whose real property had been judicially foreclosed and who were entitled to recover surplus proceeds from the sheriff's sales for such properties, and Ten Bridges has obtained surplus proceeds from such judicial foreclosure sales exceeding 5% of the proceeds well in excess of fifty times.

3.24.   For the assignments of Plaintiffs' rights to obtain the surplus proceeds, Ten Bridges paid to Plaintiffs and members of the Class such a grossly small percentage of the foreclosure sale surplus proceeds in the Superior Court Registries that the assignments are objectively so overly one-sided and harsh as to be substantively unconscionable.

3.25.   As a direct and proximate result of Ten Bridges' and Demian Heald's actions above-described in Paragraphs 3.13 through 3.24, Plaintiffs and members of the Class have suffered money damages in an amount to be proven at trial.

### IV.  FIRST CLASS CAUSE OF ACTION
### Violation of the Washington Consumer Protection Act

4.1.   Plaintiffs re-allege the foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

4.2.   Under RCW 63.29.350(1), Ten Bridges was and is prohibited from seeking to recover a fee or compensation, and/or from receiving a fee or compensation, for locating

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 8
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

foreclosure sale surplus proceeds and identifying the persons entitled to receive the surplus proceeds, in an amount exceeding 5% of the foreclosure sale surplus proceeds.

4.3. Ten Bridges' agreements to obtain assignments from the Plaintiffs and members of the Class of the right to receive surplus proceeds from lien foreclosure sales in exchange for the payment of money, or agreement to pay money, which was or is less than 95% of the value of the surplus proceeds violated and violates RCW 63.29.350(1).

4.4. Ten Bridges' agreements to obtain assignments from the Plaintiffs and members of the Class of the right to receive surplus proceeds from lien foreclosure sales in exchange for the payment of money, or agreements to pay money, which was or is less than 95% of the value of the surplus proceeds occurred in trade or business, vitally affect the public interest, are not reasonable in relation to the development and preservation of business, are unfair or deceptive acts in trade or commerce, are an unfair method of competition, and violate the WCPA.

4.5. Ten Bridges' actions in communicating with the Plaintiffs and members of the Class, and in obtaining the assignments of the Plaintiffs' and Class members' right to receive surplus proceeds, were and are capable of deceiving a substantial portion of the public.

4.6. Pursuant to RCW 63.29.350(2), Ten Bridges' violations of RCW 63.29.350(1) constitute per se unfair or deceptive acts in trade or commerce and unfair methods of competition for purposes of applying the WCPA.

4.7. As a direct and proximate result of Ten Bridges' unfair and deceptive agreements to obtain assignments from the Plaintiffs and members of the Class of the right to receive surplus proceeds from lien foreclosure sales in exchange for the payment or agreement to pay a sum of money which was or is less than 95% of the value of the surplus proceeds in violation of the WCPA, Plaintiffs and each member of the Class have suffered actual damages which they would

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 9
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

not have suffered but for Ten Bridges' unlawful and invalid actions described herein in Paragraphs 3.13 through 3.24.

4.8. Demian Heald personally directed, participated in, and approved Ten Bridges' conduct when it communicated with the Plaintiffs and members of the Class to obtain assignments of the right to receive surplus proceeds from lien foreclosure sales in exchange for the payment or agreement to pay a sum of money which was or is less than 95% of the value of the surplus proceeds, when it entered into such agreements, and when it obtained from Superior Court Clerks the surplus proceeds that were the subject of the assignment agreements. Demian Heald personally determined whether Ten Bridges would make an offer to the Plaintiffs to acquire their interests in the home and the surplus proceeds from the Sheriff's Sale, how much Ten Bridges would pay the Plaintiffs to acquire their interests in the home and the surplus proceeds from the Sheriff's Sale, and whether Ten Bridges would complete the transaction whereby Ten Bridges obtained Plaintiffs' interests in the home and surplus proceeds. Ten Bridges' employees who worked on the transaction with the Plaintiffs took their instructions on how to deal with the Plaintiffs and the transaction from Demian Heald, and were required to obtain Demian Heald's approval concerning the interactions they had with the Plaintiffs. Accordingly, Demian Heald violated the WCPA for the same reasons Ten Bridges violated the WCPA, and he and his marital community are liable to Plaintiffs and the Class members for the same damages suffered by them as a proximate result of Ten Bridges' conduct alleged herein in Paragraphs 3.13 through 3.24.

4.9. Plaintiffs and each member of the Class are entitled to recover and should recover against Ten Bridges, Demian Heald, and the marital community comprised of Demian Heald and Doe Heald, actual damages, statutory penalties and reasonable attorney's fees and costs. Because

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 10
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

the assignment agreements entered into between Ten Bridges and the Plaintiffs and between Ten Bridges and the members of the Class, were and are invalid, illegal, and unlawful, Plaintiffs and each member of the Class are entitled to recover as damages from Ten Bridges, Demian Heald, and the marital community comprised of Demian Heald and Doe Heald, 100% of the surplus proceeds that were or are on deposit with Superior Court Clerks that the Plaintiffs and Class members were entitled to receive but that Ten Bridges received; prejudgment interest on those amounts from the date of their disbursement to Ten Bridges; and treble damages pursuant to RCW 19.86.090. The principal amount the Plaintiffs are entitled to recover from Ten Bridges, Demian Heald, and the marital community comprised of Demian Heald and Doe Heald, before any amounts awarded for prejudgment interest, treble damages, and/or reasonable attorney's fees, is in the aggregate $135,224.51.

## V. SECOND CLASS CAUSE OF ACTION:
### Injunctive Relief

5.1.   Plaintiffs reallege the foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

5.2.   RCW 19.86.090 authorizes the Court to enjoin conduct that violates the WCPA. The Court should enter an injunction permanently prohibiting the Defendants from communicating with persons entitled to obtain surplus proceeds from lien foreclosure sales on deposit with Superior Court Clerks for the purpose of attempting to obtain assignments of the surplus proceeds for less than 95% of the value of the surplus proceeds, and from entering into such assignments.

## VI. PLAINTIFFS' FIRST INDIVIDUAL CAUSE OF ACTION:
### Declaratory Judgment Regarding Substantive Unconscionability

6.1.   Plaintiffs re-allege the foregoing paragraphs of this First Amended Complaint as

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 11
(Case No. 2:21-0526-JCC)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

if fully set forth herein.

6.2. For assignments of Plaintiffs' rights to obtain the foreclosure sale surplus proceeds on deposit with the King County Superior Court Clerk in the court registry, Ten Bridges paid each of the Plaintiffs $5,000, for an aggregate of $15,000.

6.3. Defendant Ten Bridges then used the assignments from Plaintiffs to obtain all the foreclosure sale surplus proceeds, totaling $135,224.51.

6.4. The assignments Ten Bridges obtained from Plaintiffs resulted in Ten Bridges' receipt of Plaintiffs' foreclosure sale surplus proceeds in an amount over nine (9) times the amount it paid to Plaintiffs. The effort expended by Ten Bridges to monitor the outcome of the lawsuit and the Sheriff's Sale of the Home, to determine the amount of surplus proceeds on deposit with the Court Clerk, and to identify and locate the Plaintiffs was mimimal in relation to the return obtained by Ten Bridges from the receipt of the surplus proceeds. When Ten Bridges entered into the transaction with the Plaintiffs and paid them $15,000 for their interests in the home and surplus proceeds, there was little if any risk that Ten Bridges would not receive $135,224.51 from the King County Clerk from the Court Registry. Ten Bridges and Demian Heald are sophisticated and experienced in the purchase and acquisition of foreclosed homes and surplus proceeds from sheriffs' sales of foreclosed homes and had entered into many similar transactions with other persons whose real property had been sold at sheriffs' sales before Ten Bridges' transaction with the Plaintiffs, while the Plaintiffs are inexperienced and lack any knowledge of the procedures and applicable laws related to such transactions and had never entered into or participated in any similar transactions before their transactions with Ten Bridges. Further, as Demian Heald has represented to the world on his personal website, he has had "a fascination for real estate even when he was still young," that throughout his twenty-plus year

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 12
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

business and real estate career, he "has been buying, revitalizing, repositioning, and reselling undervalued, distressed, and underappreciated properties," that he founded Ten Bridges in 1999, and that Ten Bridges "strives to maintain and produce rewarding investment opportunities," while the Plaintiffs have had no meaningful experience in purchasing or selling investment real property. Demian Heald's personal website further disclosed that due to his and his Ten Bridges team's consultations with real estate developers and other industry experts, Demian Heald and Ten Bridges are "able to work through real estate transactions and partnerships and develop a deeper understanding of land use, asset management, and acquisitions." The Plaintiffs have no such experience or interactions with real estate developers and other industry experts. Finally, Ten Bridges falsely warned the Plaintiffs that it would be difficult for them to process and present to the King County Superior Court the documentation needed to obtain the surplus proceeds themselves, and that there was a significant risk that they would receive no surplus proceeds at all if they did not accept Ten Bridges' offer of $15,000 in the aggregate for their interests in the home and the surplus proceeds, when in fact obtaining the surplus proceeds requires only a simple motion and there was no realistic chance that the Plaintiffs would not receive all of the surplus proceeds in the Court Registry had they attempted to obtain the surplus proceeds themselves. For all of these reasons, the assignment agreements and Quit Claim Deeds Ten Bridges received from the Plaintiffs were and are objectively so one-sided, overly harsh and exceedingly calloused that it shocks the conscience, and they were and are substantively unconscionable.

6.5. The unconscionable terms of the assignments that Ten Bridges obtained from Plaintiffs for the foreclosure sale surplus proceeds so pervade the substance and purpose of the agreements as to render them void and unenforceable, and entitles Plaintiffs to recover from the

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 13
(Case No. 2:21-0526-JCC)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Defendants the surplus proceeds Ten Bridges received from the King County Superior Court Clerk.

6.6.     The actions of Ten Bridges in obtaining the assignments from the Plaintiffs was directed and approved by Demian Heald, and Demian Heald participated in Ten Bridges' actions in obtaining the Plaintiffs' assignments of their interests in the home and the surplus proceeds.

6.7.     The Court should enter a declaratory judgment that the agreements between Ten Bridges and the Plaintiffs were and are substantively unconscionable and therefore are void and invalid, and that the Plaintiffs are entitled to receive judgment for $120,224.51 against the Defendants, jointly and severally, together with interest thereon at the rate of twelve percent (12%) per annum from the date of disbursement to Ten Bridges of the surplus proceeds.

## VII.  PLAINTIFFS' SECOND INDIVIDUAL CAUSE OF ACTION:
### Unjust Enrichment

7.1.     Plaintiffs reallege the foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

7.2.     By receiving the surplus proceeds that the Plaintiffs were entitled to receive, Ten Bridges was unjustly enriched, and the Plaintiffs are entitled to recover money judgment against Ten Bridges for such unjust enrichment, in an amount to be proven at trial, together with prejudgment interest thereon.

## VIII.  CLASS ALLEGATIONS

8.1.     Plaintiffs reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

8.2.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiffs bring this action on behalf of themselves and on behalf of a Class consisting of:

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 14
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

> All persons who assigned to Ten Bridges his/her/their right to receive surplus proceeds from a lien foreclosure sale which were at any time on deposit with a Washington State Superior Court Clerk and who received less than 95% of the value of the surplus proceeds, where Ten Bridges obtained the surplus proceeds from the Superior Court Clerk and/or Superior Court Registry in reliance on the assignment within four years prior to the date this action was filed.

8.3. **Numerosity.** The number of members in the Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are more than fifty (50) members of the Class.

8.4. **Common Questions of Law and Fact**. The questions of law and fact are the same for all members of the Class, including without limitation whether the conduct of the Defendants violated RCW 63.29.350 and the WCPA, RCW 19.86, et seq., in locating and obtaining from all members of the Class agreements to assign their rights to receive lien foreclosure sale surplus proceeds held by a Superior Court Clerk in a court registry, whereby Ten Bridges received more than 5% of the value of those foreclosure sale surplus proceeds; whether the members of the Class are entitled to recover money damages from Defendants in the principal amount of 100% of the amount of surplus proceeds received by Ten Bridges; and whether Ten Bridges, Demian Heald, and the marital community comprised of Demian Heald and Doe Heald are jointly and severally liable for 100% of the Class members' damages. The common issues dominate any issues that affect only individual members.

8.5. **The Plaintiffs' Claims Are Typical of the Class.** Plaintiffs' claims are typical of the Class members in that they arise from Defendants' identification and location of Plaintiffs as persons entitled to receive surplus proceeds from lien foreclosure sales held by a Superior Court Clerk in a court registry, from Ten Bridges receiving assignments from the Plaintiffs of their rights to receive the surplus proceeds in exchange for less than 95% of the value of those

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 15
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

proceeds and thereby in violation of RCW 63.29.350(1), from Ten Bridges' receipt of the surplus proceeds from the Superior Court Clerks in reliance on the illegal and unlawful assignments, and because they sustained damages as a result of Defendants' illegal and unlawful conduct.

8.6. **The Plaintiffs Will Fairly and Adequately Protect the Class**. Plaintiffs will adequately represent and protect the interests of the Class because they have retained competent counsel experienced in consumer and class litigation and the intricacies of RCW 63.29.350, and their interests in the litigation are not antagonistic to the other members of the Class.

8.7. **A Class Action is Maintainable Under Fed. R. Civ. P. 23(b)(3)**. The questions of law and fact common to all members of the Class predominate over questions affecting only individual members of the Class, because all members of the Class have been subjected to Defendants' unlawful conduct. The prosecution of separate actions by individual members of the Class against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment, and joinder of all Class members is impractical. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. It is desirable to concentrate the litigation of these claims in this forum given the judicial resources already expended in this matter, and this action will cause an orderly and expeditious administration of the Class members' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources. Finally, few if any difficulties will be encountered in the management of the class action.

8.8. **A Class Action is Maintainable Under Fed. R. Civ. P. 23(b)(2).** Defendants have acted on grounds generally applicable to Plaintiffs and the Class as alleged herein, thereby

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 16
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

making appropriate injunctive and declaratory relief, as well as incidental damages, for the Class as a whole.

WHEREFORE, Plaintiff prays for the following relief:

1. For an Order certifying the Class identified herein in Paragraph 8.2 under Fed. R. Civ. P. 23(b)(2) and/or 23(b)(3), with Plaintiffs as the Class Representatives and the undersigned legal counsel as Class Counsel.

2. For Judgment declaring that Ten Bridges' conduct in obtaining assignments of Plaintiffs' and Class members' rights to obtain surplus proceeds from lien foreclosure sales at Demian Heald's direction and approval, and with his participation, was and is unlawful, violated and violates RCW 63.29.350, violated and violates the WCPA, renders said assignments illegal and invalid, and entitles Plaintiffs and members of the Class to receive payment from the Defendants for the surplus proceeds Ten Bridges received in disbursements from Washington State Superior Court registries, together with prejudgment interest on such proceeds from the date of disbursements to Ten Bridges from said registries.

3. For Judgment for actual money damages for Plaintiffs and members of the Class in an amount to be proven at trial.

4. For Judgment trebling the award of CPA damages for Plaintiffs and each member of the Class up to the statutory maximum of $25,000, per person.

5. For an injunction permanently prohibiting Defendants from obtaining assignments of persons' rights to obtain surplus proceeds from lien foreclosure sales in exchange for more than 5% of the value of the surplus proceeds, and from contacting persons for the purpose of attempting to obtain such assignments.

6. For an award of costs and reasonable attorney's fees pursuant to RCW 19.86.090.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 17
(Case No. 2:21-0526-JCC)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

7. For pre-judgment interest on all liquidated damages awarded to Plaintiffs and members of the Class, at the rate of 12% per annum.

8. For post-judgment interest at the rate of 12% per annum on all money damages awarded to Plaintiffs and the Class.

9. For leave to conform their pleadings to the proof presented at trial.

10. For such other and further relief as the Court deems just and equitable.

DATED: November 19, 2021.

*Attorneys for Plaintiffs*:

BERRY & BECKETT, PLLP

 */s/ Guy Beckett*
Guy W. Beckett       WSBA #14939
1708 Bellevue Avenue
Seattle, WA  98122
Telephone:  (206) 441-5444
Facsimile:   (206) 838-6346
gbeckett@beckettlaw.com

GOSS LAW PLLC

 */s/ C. Chip Goss*
C. Chip Goss       WSBA #22112
3614A California Ave. SW #246
Seattle, WA  98116
206.420.1196
Chip@ChipGossLaw.com

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY RELIEF - 18
(Case No. 2:21-0526-JCC)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346