THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEN BRIDGES LLC, *et al.*, <br><br> Defendants. | CASE NO. C21-0526-JCC <br><br> ORDER |

Before the Court is Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). (Dkt. No. 40.) Having thoroughly considered the parties' briefing and the relevant record, the Court determines that oral argument is unnecessary and hereby DENIES Defendants' motion for the reasons explained below.

### I.   BACKGROUND

The Court's order on Defendants' first motion to dismiss describes in detail the substance of Plaintiffs' allegations, which the Court will not repeat here. (*See* Dkt. No. 25 at 1–2.) The Court allowed much of Plaintiffs' lawsuit to go forward but dismissed without prejudice the claims against Demian Heald and his marital community. (*Id.* at 8–9.) Plaintiffs filed an amended complaint (Dkt. No. 27), and when Defendants moved to dismiss it (Dkt. No. 28), Plaintiffs sought leave to file a second amended complaint ("SAC") asserting claims under Washington's Uniform Voidable Transfer Act ("UVTA") and seeking to disregard the corporate

separation between Ten Bridges and Heald, (Dkt. No. 30). The Court granted leave to assert the new claims but *sua sponte* dismissed with prejudice Plaintiffs' claims against Heald's marital community. (Dkt. No. 37.)

Defendants then filed the pending motion, this time targeting Plaintiffs' attempt to impose personal liability on Heald for alleged violation of Washington's Consumer Protection Act ("WCPA").

## II.  DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court draws reasonable inferences for the nonmoving party; but offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

When they first attempted to assert CPA liability against Heald, Plaintiffs alleged that he "personally directed, participated, and approved Ten Bridges' conduct" when it communicated with Plaintiffs to secure an assignment of their rights to the surplus funds (Dkt. No. 1-2 at 9), and judicially noticeable records showed that Heald had personally verified a motion asking the state court to disburse surplus foreclosure proceeds. (Dkt. No. 15-1 at 63–64).

The Court held that this was not enough. (Dkt. No. 25 at 8–9.) While corporate officers can be liable under the CPA for their own role in committing a violation, that does not make automatically make them liable for their companies' violations. (*Id.* citing *Grayson v. Nordic Constr. Co.*, 599 P.2d 1271 (1979); *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 553 P.2d 423 (1976); *Johnson v. Harrigan-Peach Land Dev. Co.*, 489 P.2d 923 (1971).) Rather, they are liable for their *own* involvement even in wrongful acts done *on behalf* of the company. *Dodson v. Econ. Equip. Co.*, 62 P.2d 708, 709 (Wash. 1936) ("Where the officer performs . . . acts which would amount to conversion if he acted for himself alone, he is personally liable even

though the acts were performed for the benefit of his principal . . . ."). This is so if the officer "either knowingly committed wrongful acts or directed others to do so knowing the wrongful nature of the requested acts." *Annechino v. Worthy*, 290 P.3d 126, 130 (Wash. Ct. App. 2012) (citing the *Grayson*, *Ralph Williams'*, *Johnson*, and *Dodson* cases cited above).

Plaintiffs make numerous allegations about Heald's purported role in Ten Bridges' alleged CPA violations, but the gist is that Heald is Ten Bridges' sole owner, he allegedly controls and oversees its operations to a high degree, and, according to Plaintiffs, nothing that happened between Ten Bridges and Plaintiffs would have occurred at all, or in the way that it did, without Heald's knowledge, direction, and approval. (Dkt. No. 42 at 5–6, 12–13.) Plaintiffs also allege that, shortly after unfavorable state court rulings, Heald and Ten Bridges entered insider transactions in an effort to protect Heald's financial interest in Ten Bridges at the expense of potential creditors. (*Id.* at 9; *see also* Dkt. No. 37 at 3–4 (discussing Plaintiffs' UVTA claims).) Plaintiffs do not allege that they personally communicated with Heald or that he specifically instructed anyone at Ten Bridges to mislead them about how hard it would be to recover the foreclosure proceeds on their own. The issue is whether Heald's alleged conduct rises to the level present in other cases where courts imposed personal liability for CPA violations.

Ralph Williams, the individual defendant in *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 553 P.2d 423, 430–33 (1976) exercised total control over group of car dealerships whose sales, advertising, and negotiation tactics were pervasively deceptive and predatory; he also personally designed advertisements and was the only signer on company bank accounts from which he personally borrowed money. The court in *Grayson* affirmed personal liability against an individual defendant who directed the mailing of a deceptive advertising brochure, 599 P.2d at 554–55. And in *Johnson*, the court upheld personal liability against a company's president who managed a construction project it had promised so as to induce people to buy homes in its development. 489 P.2d at 751–52. In doing so, the court emphasized that the executive did not provide money for the project and failed to retract the company's promises

once he knew it could not follow through. *Id.*

Whether Heald's alleged conduct rises to this level is a close call: The governing legal standard—whether an officer's involvement in unlawful conduct was sufficiently personal and knowing, itself "a question of degree," *Parkinson v. Freedom Fidelity Mgmt., Inc.*, 2012 WL 1931233, slip op. at 12 (E.D. Wash. 2012)[1]—is not especially helpful at the pleadings stage. The courts in *Ralph Williams'*, *Grayson*, *Johnson*, and *Dodson*, in contrast, each had the benefit of a complete record following a judgment on the merits. Here, in contrast, Plaintiffs presumably lack complete information about Heald's role in Ten Bridges' alleged CPA violations.

At the same time, while Plaintiff's allegations are more than conclusory, they are only just. It is not clear how they purport to know what they allege, putting the allegations somewhere between "information and belief" and factual allegations that appear from a read to have some evidentiary support. Still, all Plaintiffs must do at this stage is set forth a plausible, non-conclusory theory of liability that gives Defendants adequate notice and complies with Federal Rule of Civil Procedure 11. On balance, they have done so, especially viewing their allegations about Heald's management alongside their more detailed assertions regarding the UVTA claims.

Accordingly, the Court DENIES Defendants' motion to dismiss the CPA claims against Heald, but it does so without prejudice to renewal in a motion for summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 40) is DENIED. It is further ORDERED as follows:

1.   The parties shall hold their Rule 26(f) conference by April 15, 2022.

---

[1] *Parkinson* also observed that "Washington case law appears to draw a distinction between 'unfair' and 'deceptive' practices [under] the CPA for purposes of imposing persona liability on a corporate officer." *Id.* But although the lead cases on this issue—*Ralph Williams'*, *Grayson*, *Johnson*, and *Dodson*—indeed involved deceptive conduct, none of them expressly recognizes any such distinction, and this Court has held that deceptiveness is not required for personal officer liability on a *per se* CPA claim predicated on a separate statutory violation. *Rinky Dink, Inc. v. Elec. Merchant Sys., Inc.*, 2014 WL 12103245, slip op. at 5 (W.D. Wash. 2014).

2. Initial disclosures are due April 22, 2022.

3. The parties shall submit a joint status report by April 29, 2022.

DATED this 22nd day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE