THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEN BRIDGES LLC, *et al.*, <br><br> Defendants. | CASE NO. C21-0526-JCC <br><br> ORDER |

This matter comes before the Court on the parties' stipulated motion to stay case proceedings in part (Dkt. No. 63). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

The Court has previously stated the underlying facts of this case and will not repeat them here. (*See* Dkt. Nos. 25, 37, 46.) The parties jointly ask the Court to stay this matter, in part, pending the final resolution of an appeal in the case *Ten Bridges LLC v. Midas Mulligan, LLC*, 2022 WL 17039001 (9th Cir. 2022), which involves allegedly similar underlying facts, legal issues, and claims to this case.[1] (Dkt. No. 63.)

---

[1] The parties previously moved for a partial stay pending resolution of the appeal in *Midas*. (Dkt. No. 60.) The Court deemed that request moot after the Ninth Circuit issued a memorandum opinion in the case. (Dkt. No. 62.) However, Defendant has filed a petition for panel rehearing. (Dkt. No. 63 at 1.) The parties now refile their request for a partial stay pending a panel rehearing. The analysis below relies on the arguments previously submitted to the Court in analyzing whether a stay is appropriate. (*See* Dkt. No. 60).

ORDER
C21-0526-JCC
PAGE - 1

A district court has broad discretion to stay proceedings, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In determining whether to grant a stay pending the result of independent proceedings, courts consider three factors: (1) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," (2) the hardship or inequity that a party may suffer in being required to go forward, and (3) the possible "damage" that may result from granting a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The parties contend the Ninth Circuit's decision on the legal issues in the *Midas* case, namely (a) the legal effect of the forthcoming repeal of RCW 63.29.350 and (b) the availability of the good-faith defense under the Washington Consumer Protection Act in cases involving an alleged *per se* violation, will likely control some of the questions of law in this case. (Dkt. No. 60 at 2–3.) Staying the case pending appeal will, therefore, avoid the possibility that this Court's resolution of these issues conflicts with the Ninth Circuit's decision. Moreover, given that the Ninth Circuit has already issued an opinion in *Midas*, any stay in this case is likely to be relatively short in duration. (*Id.*) This increases the likelihood that neither party will suffer hardship or inequity or that there will be any damage resulting from the grant of a stay. Therefore, the relevant factors favor a stay in this case.

The Court finds good cause and GRANTS the stipulated motion to stay the case in part. (Dkt. No. 63.) The current case management dates are VACATED, and this action is STAYED in part pending the Ninth Circuit's resolution of the appeal in *Ten Bridges LLC v. Midas*

*Mulligan, LLC*, 2022 WL 17039001 (9th Cir. 2022). The parties may continue discovery in this case and the discovery cutoff is EXTENDED to February 3, 2023. The parties are ORDERED to file a joint status report within ten (10) days of the date on which the Ninth Circuit issues its mandate in *Midas*.

DATED this 5th day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE