THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TEN BRIDGES LLC, *et al.*,<br><br>                    Defendants. | CASE NO. C21-0526-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 71), motion for leave from the discovery cutoff (Dkt. No. 85), and motion for an extension of time for summary judgment motions (Dkt. No. 104), along with the parties' motions to seal (Dkt. Nos. 75, 84). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS, in part, the motions to compel and for relief from a deadline (Dkt. No. 71, 85, 104), and GRANTS the motions to seal (Dkt Nos. 75, 84) in full for the reasons explained herein.

I.     BACKGROUND

This putative class action involves the surplus proceeds resulting from the sale of a property, which was owned by Plaintiffs' father and judicially foreclosed upon after he passed away. (Dkt. No. 56 at 4–5.) Plaintiffs allege Defendants improperly represented that obtaining the surplus proceeds was a difficult procedure. (*Id.* at 6.) On this basis, Plaintiffs agreed to assign

all rights they had to the proceeds, by Quit Claim Deed, in exchange for $15,000. (*Id.* at 7.) Defendant Ten Bridges LLC ("Ten Bridges") then filed a motion in the King County Superior Court Registry to claim the proceeds. (*Id.* at 8.) Plaintiffs allege Defendants violated the Washington Consumer Protection Act ("CPA") by receiving an amount exceeding 5% of the foreclosure sale surplus proceeds. (*Id.* at 12.) They also bring claims of voidable transfer and alter-ego liability, alleging Defendant Demian Heald intermingled his assets and was in charge of Ten Bridges' actions such that Plaintiffs can recover from him. (*Id.* at 16–19.)

In July 2022, Plaintiffs propounded to Ten Bridges interrogatories and requests for production of documents, requesting company profit and loss statements, tax returns, and records of capital contributions. (Dkt. No. 71 at 2–3.) Ten Bridges provided statements and capital contribution information for a period from April 30, 2019 through July 18, 2019, but refused to produce additional information. (*Id.* at 3.) The parties met and conferred but could not come to a consensus over the documents and information that Ten Bridges was required to produce, so Plaintiffs moved to compel. (*Id.* at 3–4.) Since that time, the discovery cutoff and summary judgment deadlines have passed. (Dkt. No. 66.) As a result, Plaintiffs moved for leave from the discovery cutoff and for an extension of time for the summary judgment motions (Dkt. Nos. 85, 104.)

II.     DISCUSSION

    **A. Motion to Compel**

The Court has broad discretion to decide whether to compel the disclosure of discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar,*

*Inc.*, 2014 WL 3396124, slip op. at 2 (W.D. Wash. 2014).

Plaintiffs argue the information requested is relevant because it is reasonably calculated to lead to admissible evidence directly related to its voidable transfer and alter ego liability claims. (Dkt. No. 71 at 5.) They argue viewing Ten Bridges' financial documents is necessary to determine the extent to which money flowed into and out of the company from Mr. Heald's personal accounts and for what purpose. (*Id.* at 7.) They also argue such discovery will help reveal information related to their voidable transfer claims. (*Id.*) Plaintiffs also note that recent actions taken by Mr. Heald may provide additional support for these claims. (Dkt. No. 82 at 2–3.)

Defendants counter that Plaintiffs requests are an improper "fishing expedition" in an attempt to prove wholly unsubstantiated claims and that there is no more than a "theoretical possibility" or "gross speculation" that this information will support Plaintiffs' claims. ((Dkt. No. 76 at 6) (citing *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) and *Nani v. King Cnty. Pub. Hosp. Dist. No. 2*, 2019 WL 6877926 (W.D. Wash 2019)).

But the records produced so far show that money regularly moved between Mr. Heald and Ten Bridges; and additional records may help further support Plaintiffs' claims for alter ego liability. (Dkt. No. 84-1 at 3–4.) So this appears far from a fishing expedition. And additional records may help support its voidable transfer claims. (Dkt. No. 82 at 2–3.) However, Plaintiffs' request is overbroad. The Court concludes that allowing Plaintiffs access to financial information and documents dating to the period beginning on January 1, 2017 to December 31, 2022 is reasonable. (Dkt. No. 82 at 1.)

Accordingly, Plaintiffs' motion to compel (Dkt. No. 71) is GRANTED in part and DENIED in part.

**B. Motion for Leave from Discovery Cutoff**

The discovery deadline in this case was March 3, 2023. (Dkt. No. 66.) Plaintiffs move for relief from this deadline to conclude their deposition of Mr. Heald, following Defendants'

production of additional documents. (Dkt. No. 85.) Because Plaintiffs will receive additional information unavailable prior to the current cutoff, the Court finds good cause to extend it, at least for the limited purpose of concluding Mr. Heald's deposition related to the previously withheld financial information and documents. Accordingly, Plaintiffs' motion to extend the discovery cut-off (Dkt No. 85) is GRANTED in part and DENIED in part.

### C. Motion to Defer Consideration of Motions for Summary Judgment

Plaintiffs also move for an order deferring consideration of Defendants' motion for summary judgment. (Dkt. No. 104.) The Court may issue any appropriate order necessary if a party shows, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d)(3). Plaintiffs argue the additional financial information it requests is necessary to properly oppose Defendant's motion for summary judgment. (Dkt. No. 104.) And the Court concludes Plaintiffs have diligently pursued this information, but were denied access. Defendants argue that the issues, namely alter ego liability and voidable transfer claims, are only relevant if Plaintiffs were to succeed on their other claims, and thus it is unnecessary for Plaintiffs to have access to the relevant information. (Dkt. No. 113.) But in the interests of judicial economy, the Court will consider all of the issues presented at the same time. And Plaintiffs do not have all the necessary information to present their arguments.

Accordingly, the Court GRANTS Plaintiffs' motion to defer consideration of Defendant's summary judgment motion and EXTENDS the dispositive motion cutoff (Dkt. No. 104).

### D. Motions to Seal

The public's common law right to inspect and copy public records, including those from judicial proceedings, are not absolute. They must yield for documents supporting a dispositive motion when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Plaintiffs and

Defendants both ask to seal certain exhibits and portions of their briefs that contain sensitive financial information subject to the protective order in this case. (Dkt. Nos. 75, 84.) For this reason, the Court FINDS a compelling interest in maintaining them under seal. It further finds those interests are likely to be harmed if disclosed and no less restrictive alternatives exist to protect that interest. Accordingly, the motions to seal (Dkt. Nos. 75, 84) are GRANTED.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' motion to compel (Dkt. No. 71) is GRANTED in part. Defendants shall provide responses to Plaintiffs' interrogatories and requests for production for the period of January 1, 2017 to December 31, 2022 **within 21 days of this Order**.
2. Plaintiffs' motion to extend the discovery cutoff (Dkt. No. 85) is GRANTED in part and the discovery cutoff is extended until two weeks after Defendants produce the requested information, for the limited purpose of Plaintiff concluding the deposition of Mr. Heald.
3. Plaintiffs' motion (Dkt. No. 104) to defer consideration of Defendants' summary judgment motion (Dkt. No. 96) is GRANTED in part. The motion is stayed until two (2) weeks after the new discovery cutoff date. The dispositive motion cutoff is reset to this date, as is the due date for either party to file revised briefs in opposition to currently outstanding summary judgment motions.
4. The parties' motions to seal (Dkt. Nos. 75, 84) are GRANTED in full. The Clerk is DIRECTED to maintain Docket Numbers 79 and 84 under seal.

DATED this 7th day of April 2023.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE