THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, MOYRA COOP, and WIILIAM GROVES, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>TEN BRIDGES LLC, *et al.*,<br><br>               Defendants. | CASE NO. C21-0526-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for class certification (Dkt. No. 90.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

I.  **BACKGROUND**

According to Plaintiffs' complaint, Clifford Groves died intestate in 2010, leaving Mary Taie, Moyra Coop, and William Groves (collectively "Plaintiffs") as his only heirs. (Dkt. No. 156.) They inherited their father's home, subject to a deed of trust. (*Id*.) In 2014, a foreclosure action was filed in state court against the estate based on this deed of trust. Ms. Taie was named a defendant in the foreclosure action, alongside the "unknown heirs" of Clifford Groves. (Dkt. No. 15-1 at 2 (capitalization omitted).) After a sheriff's sale of the Groves home, the surplus foreclosure proceeds of $135,224.51 remained, and were held on deposit in the state court

ORDER
C21-0526-JCC
PAGE - 1

1  registry. (Dkt. No. 1-2 at 6.)

2        Defendant Ten Bridges LLC monitored the foreclosure action and, when it learned about the sale, reached out to Plaintiffs and contracted with them to execute quitclaim deeds, selling their rights to the foreclosure surplus proceeds to Ten Bridges for $5,000 each. (*See id*.) Though not a party to the state foreclosure lawsuit, Ten Bridges then moved the King County Superior Court to disburse the funds. (Dkt. No. 1-2 at 7.) That court denied the motion, writing:

> It appears that on or about April 10, 2018, Ten Bridges LLC "purchased" each heir's interest in the [surplus] proceeds for $5,000, paying a total of $15,000 for the rights to proceeds worth $135,224.51. . . . It is not clear from the record whether the heirs were aware of the value of the proceeds or what the process would be for having the proceeds released to them, nor were the heirs provided notice of the motion to disburse.

(Dkt. No. 15-1 at 66.) It then ordered Ten Bridges to provide notice to Plaintiffs. (*Id*.) Ten Bridges then filed a second motion to release the funds and served Plaintiffs by mail. (Dkt. No. 15-1 at 104–05, 109–10.) The King County Superior Court then granted Ten Bridges' request. (*Id*.)

      Plaintiffs later filed this putative class action against Ten Bridges and its principal, Demian Heald, asserting claims under Washington's Consumer Protection Act ("CPA") and Uniform Voidable Transactions Act, along with non-statutory claims, namely, conversion, unjust enrichment, negligent misrepresentation, and abuse of the corporate form. (*See generally* Dkt. No. 1-2 at 2.) The party's cross-moved for summary judgment (Dkt. Nos. 67, 94), resulting in the dismissal of all but Plaintiffs' unjust enrichment claim, for which summary judgment was granted to Plaintiffs. (*See* Dkt. No. 144 at 16–17.) The Court now considers Plaintiffs' request for class certification (Dkt. No. 90) with respect to this claim.

## II.   DISCUSSION

      A party seeking to litigate a claim as a class representative must affirmatively satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011);

*Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 588 (9th Cir. 2012). Rule 23(a) requires a showing that (1) the class is so numerous that joinder is impracticable; (2) there are common questions of law or fact to the class; (3) the claims or defenses of representative parties are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the absent class members. Fed. R. Civ. P. 23(a). Plaintiffs seek certification under Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to the class members *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added.)

In determining whether the plaintiffs have carried this burden, the Court must conduct a "rigorous analysis." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). This inquiry may "entail some overlap with the merits of the plaintiff's underlying claim[,]" though the Court may consider the merits only to the extent that they overlap with the requirements of Rule 23. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The ultimate decision to certify a class is within the Court's discretion. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

At the outset, Plaintiffs failed to establish predominance. To prove unjust enrichment on a *classwide basis*, they must show that each class member conferred a benefit on Ten Bridges "under such circumstances as to make it *inequitable* for the defendant to retain the benefit without payment of its value." *See Bailie Commc'ns, Ltd. v. Trend Bus. Sys. Inc.*, 810 P.2d 12, 18 (Wash. 1991.)

This requires an individualized inquiry into the inequitable circumstances in each instance. As a result, common questions rarely predominate in unjust enrichment claims and courts often refuse to certify classes based on such claims. *See, e.g.*, *In re: McCormick & Co., Inc.*, 217 F. Supp. 3d 124, 145 (D.D.C. 2016) (Defendants are correct that courts often refuse to certify classes for unjust enrichment claims because these equitable claims require courts to

evaluate the plaintiffs' individual circumstances); *In re Actiq Sales & Mktg. Practices Litig.*, 307 F.R.D. 150, 169–71 (E.D. Pa. 2015) (holding that common issues of fact did not predominate because it was necessary to make an "individualized inquiry into equitable circumstances").

Plaintiffs respond that unjust enrichment claims have been the basis for class certification, citing *In re Pepperdine Univ. Tuition & Fees Covid-19 Refund Litig.,* 2023 WL 6373845 (C.D. Cal. 2023). This is true, but those instances involve unique circumstances where plaintiffs suffered a common injustice of equivalent and identical weight, thereby not requiring an *individualized* inquiry into *(in)equitable* circumstances. For instance, the court in *In re Pepperdine Univ. Tuition* found that the students suffered a common harm consisting of a failed promise to enjoy the fruits of in-person versus online education. 2023 WL 6373845, slip op. at 9. While the university sought to defeat class certification by arguing that individualized inquires were required to ascertain "how much each member subjectively values an in-person versus online education," the Court was not persuaded. It was sufficient that plaintiffs "all share the common claim that they signed up for an in-person education. . . and yet only received an in-person education for half of the Spring 2020 semester." *Id*. at 9; *see also Ninivaggi v. Univ. of Delaware*, 2023 WL 2734343 at 9 (D. Del. 2023) ("And though students may make more or less use of [campus services], that does not change their fair market value.") The caselaw draws a fault line between those inequities that are common and global and those that are idiosyncratic.

Under this distinction, the Court deems the equitable claims here *de facto* idiosyncratic. Although the scheme operated by Ten Bridges produced a common inequity insofar as the business practices are the same, the trier of fact must still consider how and to what extent an injustice occurred. *See In re Actiq Sales & Mktg. Practices Litig.*, 307 F.R.D. 150, 169–71 (E.D. Pa. 2015); *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009). But in any event, Plaintiffs failed to analyze or establish predominance as to their unjust enrichment claims thereby failing to satisfy the demands of Rule 23(b)(3).

### III. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion for class certification (Dkt. No. 90) is DENIED.
2. Plaintiffs are awarded judgment against Defendant in the amount of: $135, 224.51. That judgment representing the aggregate sum of the foreclosure sale surplus proceeds.

DATED this 12th day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE