THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, *et al.*,<br><br>              Plaintiffs,<br><br>      v.<br><br>TEN BRIDGES LLC, *et al.*,<br><br>              Defendants. | CASE NO. C21-0526-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to amend judgment for prejudgment interest (Dkt. No. 155), Defendants' cross-motion to amend judgment (Dkt. No. 159), and Plaintiffs' motion for an award of costs (Dkt. No.161). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part the parties' motions to amend judgment (Dkt. Nos. 155, 159) and GRANTS Plaintiffs' motion for an award of costs (Dkt. No. 161) for the reasons explained herein.

**I.    BACKGROUND**

According to Plaintiffs' complaint, Clifford Groves died intestate in 2010, leaving Mary Taie, Moyra Coop, and William Groves (collectively "Plaintiffs") as his only heirs. (*See generally* Dkt. No. 56.) They inherited their father's home, subject to a deed of trust. (*Id.*) In 2014, a foreclosure action was filed in state court against the estate based on this deed of trust. (*Id.*)

ORDER
C21-0526-JCC
PAGE - 1

Ms. Taie was named a defendant in that action, alongside the "unknown heirs" of Clifford Groves. (*See* Dkt. No. 15-1 at 2) (foreclosure complaint) (capitalization omitted). After a sheriff's sale of the Groves home, the surplus foreclosure proceeds of $135,224.51 remained, and were held on deposit in the state court registry. (*See generally* Dkt. 156 at 4) (case payment and disbursement report). Defendant Ten Bridges LLC then reached out to Plaintiffs and contracted with them to execute quitclaim deeds, selling their rights to the foreclosure surplus proceeds for $5,000 each. (*See, e.g.*, Dkt. No. 159 at 2.) Defendant Ten Bridges LLC was able to eventually use the quitclaim deeds to successfully petition King County Superior Court to release the surplus proceeds to it. (*See* Dkt. No. 91-1 at 2–10) (motion for disbursement of surplus funds).

After learning of Ten Bridges' receipt of these surplus funds, Plaintiffs filed a putative class action against Ten Bridges and its principal, Demian Heald, asserting claims under Washington's Consumer Protection Act and Uniform Voidable Transactions Act, along with non-statutory claims, namely, conversion, unjust enrichment, negligent misrepresentation, and abuse of the corporate form. (*See generally* Dkt. No. 56 at1)

Following motions practice, the Court granted summary judgment to Plaintiffs as to their unjust enrichment claim and to Defendants on the remaining claims. (*See generally* Dkt. No. 144.) The Court then entered judgment for Plaintiffs in the amount of $135,224.51—the surplus proceeds Ten Bridges recovered. (*See* Dkt. No. 154.) The Court now considers the parties' requests to amend judgment (Dkt. Nos. 155, 159) and Plaintiffs' request for an award of costs (Dkt. No. 161).

II.   DISCUSSION

    **A. Motions to Alter or Amend a Judgment**

A Rule 59(e) motion may be granted on four grounds: (1) to rectify manifest errors of law or fact that underpin the judgment; (2) to introduce newly discovered or previously unavailable evidence; (3) to avert manifest injustice; or (4) an intervening change in controlling law. *See*

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). And a "postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

### 1. Defendants' Motion

Defendant Ten Bridges argues that the amount awarded by this Court should be paid to the King County Superior Court's registry—not Plaintiffs—as only this would restore parties to their state of affairs prior to the sale of the quitclaim deeds. (*See* Dkt. No. 159 at 4.) They further argue that only the King County Superior Court may disburse the surplus proceeds to Plaintiffs. (*See id.* at 5–6.) The Court disagrees. There is no need for the proceeds to be re-deposited with the Superior Court because Plaintiffs were entitled to a disbursement of the funds in the first instance.

As part of the contract for the quitclaim deeds, Defendant Ten Rivers LLC paid Plaintiffs a total of $15,000. (*See* Dkt. No. 56 at 7.) The Court previously found this contract void and that allowing Defendants to retain the surplus proceeds would be "manifestly inequitable." (Dkt. No. 144 at 13.) However, just as allowing the Defendants to retain the proceeds of the void contracts would be inequitable, allowing Plaintiffs to retain the payments they received as part of the void contract would result "in a windfall for [Plaintiffs] and effectively impose[] punitive damages against [Defendants]." *See Shoemake ex rel. Guardian v. Ferrer*, 225 P.3d 990, 992 (Wash. 2010). Accordingly, the judgment amount is corrected to $120,224.51.

### 2. Plaintiffs' Motion

Plaintiff s contend they are entitled to prejudgment interest. This "make-whole remedy [] is grounded in the sense of justice . . . that he who retains money which he ought to pay to another should be charged interest on it." *Crest Inc. v. Costco Wholesale Corp.*, 115 P.3d 349, 357 (Wash. Ct. App. 2005) (citations and quotation marks omitted). Washington courts typically grant prejudgment interest solely on claims that are either liquidated or readily assessable, rather than on unliquidated claims. *Hansen v. Rothaus*, 730 P.2d 662, 664 (Wash. 1986). "A liquidated

claim arises from the availability of data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *McLelland v. Paxton*, 453 P.3d 1, 22 (Wash. Ct. App. 2019). "Prejudgment interest accrues from the date the claim arose to the date of judgment." *Seattle-First Nat. Bank v. Washington Ins. Guar. Ass'n*, 972 P.2d 1282, 1291 (Wash. Ct. App. 1999) (citing *Hansen*, 730 P.2d at 666).

Defendants argue Plaintiffs are not entitled to prejudgment interest because, had the funds remained in the King County Superior Court, those funds would not have accrued interest. (*See* Dkt. No. 159 at 6.) But given the ruling above, the argument is inapt and besides the point: Defendants have enjoyed full use of the funds and deprived Plaintiffs of the same since Plaintiffs quitclaimed their interest(s) in the property to Ten Bridges. Thus, Plaintiffs are entitled to prejudgment interest of 12% per annum on their liquidated claim (as the amount outstanding is a sum certain). *See* RCW 19.52.010. And since Plaintiffs are entitled to an amended award of $120,224.51, at 12%, this amounts to prejudgment interest of $81,265.19.

### B. Plaintiffs' Motion for an Award of Costs

Separately, Plaintiffs' move for an award of $7,279.26 for court and service fees, deposition costs, and statutory attorney fees. (*See* Dkt. No. 161.) Defendants do not oppose this motion. (*See* Dkt. No. 167.)

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' motion to amend judgment (Dkt. No. 159) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to issue an amended judgment in the amount of $120,224.51.
2. Plaintiffs' motion to amend judgment (Dkt. No. 155) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to issue an amended judgment to include $81,265.19 in prejudgment interest.
3. Plaintiffs' motion for costs (Dkt. No. 161) is GRANTED. The Clerk is DIRECTED to

issue an amended judgment reflecting $7,279.26 in costs.

DATED this 18th day of April 2024.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0526-JCC
PAGE - 5