THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TEN BRIDGES LLC, *et al.*, <br><br> Defendants. | CASE NO. C21-0526-JCC <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion to declare a prior order and judgment by this Court non-precedential (Dkt. No. 177). The stipulation is part of a settlement agreement terminating the parties' cross-appeals. (*Id.* at 1) (*see also* Dkt. No. 176) (noting voluntary dismissal). This follows the Court's finding that agreements between the parties were unenforceable because they violated public policy. (Dkt. No. 144 at 8–10.) First, the parties request that this finding be declared non-precedential. (Dkt. No. 177 at 1). Second, the parties request that the resulting judgment entered in favor of Plaintiffs be declared non-precedential. (*Id.*) (citing Dkt. No. 154).

While the motion is stipulated, it is not explained or justified. For one, the parties offer no

reason that the Court should declare a portion of an order or a judgment to be non-precedential. This is unusual in light of many other findings and rulings in this case that would presumably be left unaltered. And it is an especially unusual request because Court is unaware of it ever issuing such a declaration before. Indeed, the parties cite no authority for their request. And Courts have generally moved away from the practice of declaring whether their rulings should be "precedential" or "published." *See Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, 2011 WL 3583226, slip op. at 2–3 (W.D. Wash. 2011). While it is possible some district courts still designate some decisions "non-precedential," it is unclear under what authority and to what effect. *Id*. at 3. The parties have not explained why the Court should grant this request, what authority permits it to do so, and what effect a "non-precedential" declaration would have. They seem to simply rest on the fact that it is stipulated to, which is insufficient.

Accordingly, the parties are ordered to show cause why the Court should grant its stipulated motion. A joint response, not to exceed six (6) pages, is due March 28, 2025.

DATED this 20th day of March 2025.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk