THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TAIE, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> TEN BRIDGES, *et al.*, <br><br>  Defendants. | CASE NO. C21-0526-JCC <br><br> ORDER |

This matter comes before the Court on a stipulated motion to declare portions of a prior summary judgment order and a final judgment to be non-precedential (Dkt. No. 177). The Court noted deficiencies in the parties' justification for the motion and ordered them to show cause. (Dkt. No. 178 at 1–2.) The parties timely responded. (*See generally* Dkt. No. 179.) Having thoroughly considered the submissions and the relevant record, the Court hereby DENIES the motion for the reasons described below.

The portions of the underlying order at issue here decided the legal question of whether agreements between the parties were enforceable. (*See* Dkt. No. 144 at 8.) The Court found that the agreements were unenforceable because they violated public policy. (*Id.* at 8–10.) In reaching this conclusion, the Court conducted a detailed legal analysis, thoroughly considered both parties' arguments and the relevant law, and explained its finding. (*Id.*) The final judgment at issue documents the Court's judgment in favor of Plaintiffs and the amount awarded against

Defendants. (Dkt. No. 154 at 1.)

As previously noted in the order to show cause, (Dkt. No. 178 at 2), it is unusual to request the Court retroactively declare a portion of an order or a judgment to be non-precedential. Even after responding to the order to show case, the parties still do not have a compelling justification for the Court to grant the motion.

The parties cite no authority under which a federal district court may retroactively declare an order or judgment non-precedential. (*See generally* Dkt. Nos. 177, 179.) It appears such a declaration may be within the discretion of the district court judge. *See Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, 2011 WL 3583226, slip op. at 3 (W.D. Wash. 2011) (explaining that some "district court judges designate some of their own decisions as . . . 'Non-Precedential'"). The effect of declaring a decision non-precedential is to "signal to another court that the court issuing the decision did not intend it to contribute to shaping the law." *Id.* Unpublished "district court opinions show that the law was developing—not that it was already clearly established." *Hines v. Youseff*, 914 F.3d 1218, 1230 (9th Cir. 2018).

The parties say that, if granted, their motion will bring finality to this litigation. (Dkt. No. 179 at 1.) At no point do the parties argue that there is any defect with the legal basis or rationale for the Court's prior order. (*See generally* Dkt. No. 179.) Without a compelling legal justification, the parties' arguments are unpersuasive and do not address *why* the Court's decision should not be precedential and "contribute to shaping the law." *Cont'l W. Ins. Co*, 2011 WL 3583226, slip op. at 3.

As to finality, the parties have not explained how or why a declaration would bring finality to *this* case.[1] (*See generally* Dkt. No. 179.) In fact, contrary to the notion of finality, the parties appear to seek a non-precedential declaration so that Defendant may relitigate the

---

[1] The parties argue in general terms that Ten Bridges requested the Court declare the prior order and judgment to be non-precedential "to try to bring as much finality as possible for the parties and the courts after years of litigation," (Dkt. No. 179 at 1), and to "ensur[e] that this litigation is at an end for all parties and the courts," (*id*. at 3).

enforceability issue in any subsequent cases. (*See id*. at 2.)[2] The finality argument is also uncompelling given that the parties have already settled and dismissed their respective cross-appeals. (*See* Dkt. No. 177 at 1.) A declaration that some portion of summary judgment was non-precedential would have no bearing on the finality of the settlement between the parties. Ultimately, these arguments do not support the parties' contention that declaring the order and judgment to be non-precedential would bring finality to the courts (who would bear the burden of re-litigation) or to the parties (who have already settled).

Accordingly, the parties' motion (Dkt. No. 177) is DENIED.

DATED this 10th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] The parties argue that granting the motion would allow for "portions of the order that were specifically deemed not precedential [to be] open to being reargued in any later litigation over [Ten Bridge's] former business practices." (Dkt. No. 179 at 2.)

ORDER
C21-0526-JCC
PAGE - 3